### No. 241
### PENNA. R. R. CO. v. AULT WOOD. CO.
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2689. Decided Nov. 16, 1925

209. CARRIERS—When consignor and carrier agree upon terms of damages when consignment is reshipped due to negligence of company, and later such shipment is resold by consignor, company cannot dispute such action and is liable to consignor under the agreement.

PER CURIAM.

The Ault Woodenware Co., located in Pennsylvania, consigned a shipment of matches to Louisville, Ky. on June 30, 1922. The shipment was not delivered until Sept. 13, 1922 when the consignee refused to accept same on account of delay.

The Woodenware Co. instituted this action in the Cincinnati Municipal Court against the Railroad Co. for loss resulting from return of goods from Cincinnati.

It seems that when the Woodenware Co. was advised that the consignee refused the shipment, it expressed its willingness to authorize reshipment to Cincinnati provided the Railroad Co. would allow the profit lost on the shipment, plus the difference between freight rates. The goods were reshipped upon these conditions and the matches were subsequently sold by the Woodenware Co. at the regular standard price.

The Railroad Co. claimed that there was error in that the Woodenware Co. made two profits and it was entitled to only one profit, the actual loss; and the only damages would be the difference in freight rates and expenses incurred in reshipment to Cincinnati. Judgment was for the Woodenware Co. and was affirmed by the Hamilton Common Pleas. Upon prosecution of error the Court of Appeals held:

1. The Woodenware Co. was entitled to damages for the loss occasioned by the negligence of the Railroad. Co., and the latter reshipped the goods upon the understanding that the former company was to receive the profit lost and difference in freight charges. .

2. This concludes the transaction between the parties.

3. What was done by the Ault Co. with the matches thereafter was of no concern to the Railroad Co.

4. No error in judgments of lower courts. Judgment affirmed.

Attorneys—Maxwell & Ramsey for Rd. Co.; Moulinier, Bettman & Hunt, for Ault Co.; all of Cincinnati.

### No. 242
### STEPHENS v. SEABOARD NAT. BK., Exr.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6588. Decided Dec. 14, 1925

31. ADMISSIONS—Declarations and admissions against interest made to others than a party to the action by a person since deceased, should receive consideration of court and be admitted in evidence in proving an agreement.

SULLIVAN, J.

This cause of action arose in the Cleveland Municipal Court on an alleged parol agreement by and between the plaintiff Richard Stephens and C. Fisher Hepburn, deceased, of whom the defendant, the Seaboard National Bank of New York is executor.

Evidence was introduced, through witnesses, by Stephens, purporting to show that a certain agreement had been entered into between him and Hepburn whereby the latter agreed to purchase certain shares of stock in a company in which Hepburn was the chief stockholder. As consideration for this promise Stephens agreed to stay in the employe of said company and reject an offer of employment made by a competitor.

After various witnesses had testified as to admissions by the said Hepburn in conversations with said witnesses as to the truth of such agreement, the Seaboard Nat'l. Bank moved for judgment in its favor, and this motion was sustained for the reason that the evidence introduced was insufficient to prove the contract alleged. Stephens prosecuted error and the Court of Appeals held:

1. The testimony offered is in the form of declarations and admissions against interest, and although the statements deserve the closest scrutiny on the part of the court, having been made by a decedent, the truth of such statements is in no way challenged or controverted, and so become a controlling element in the case.

2. That admissions of this nature are admitted in evidence has already been decided in 21 O. C. D. 64, and 48 OS. 25.

3. "While evidence consisting of declarations of a deceased third person, made to third persons, of the terms of a parol agreement to convey land, sought to be specifically enforced against the heirs and representatives, if sufficiently definite, it may authorize the trial court to determine what the terms of the contract are."

Attorneys—Thompson, Hine & Flory for Stephens; Quay H. Findley for Bank; all of Cleveland.